

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable Lonald M. Markle, Chairman
Committee on Constitutional Amendments
49th Legislature
Austin, Texas

Dear Mr. Markle:

Opinion No. O-6421
Re: Construction of H. J. R.
No. 3 with respect to
the consolidation of the
offices of District and
County Clerks in all
counties of less than
30,000 persons.

We acknowledge receipt of your request for an opinion upon the above captioned subject matter as follows:

"The House Committee on Constitutional Amendments, of which I am Chairman, has instructed me to request of you a written opinion on H. J. R. No. 3, by Ellis, a copy of which I am enclosing.

"The Committee desires to know whether, if H. J. R. No. 3 is made a part of our Constitution, its provisions will require the consolidation of the offices of district and county clerks in all counties of less than 30,000 persons, or whether this will be optional with the individual counties. Also, would it be necessary for the Legislature to enact an enabling Act to put into effect the constitutional provision?

"In this connection, the Committee calls your attention to Sec. 20 of Art. 5 of the Constitution, on the subject of County Clerks, and to Sec. 9 of the same Article, on the subject of District Clerks. We note that the latter section does not contain the exception contained in the former, with regard to counties of small population."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Donald M. Markle, page 2

The resolution mentioned amends Section 20 of Article V, of the Constitution, so as to read as follows:

"Section 20. There shall be elected for each county, by the qualified voters, a county clerk, who shall hold his office for two years, who shall be clerk of the county and commissioners' courts and recorder of the county, whose duties, perquisites and fees of office shall be prescribed by the legislature, and a vacancy in whose office shall be filled by the commissioners' court, until the next general election for county and state officers; provided, that in counties having a population of less than thirty thousand (30,000) persons, to be determined at any time by the last preceding Federal census, there may be an election of a single clerk, who shall perform the duties of District and County Clerks."

Section 20 of Article V of the State Constitution, as it now exists, is as follows:

"There shall be elected for each county, by the qualified voters, a county clerk, who shall hold his office for two years, who shall be the clerk of the county and commissioners' courts and recorder of the county, whose duties, perquisites and fees of office shall be prescribed by the legislature, and a vacancy in whose office shall be filled by the commissioners' court, until the next general election for county and state officers; provided, that in counties having a population of less than 8,000 persons, there may be an election of a single clerk, who shall perform the duties of district and county clerks."

The foregoing provision of the Constitution is a part of the Constitution of 1876 and has not been amended. The

same is true of Section 9, Article V, of the State Constitution. Section 9, Article V, of the State Constitution as it now exists, provides:

"There shall be a clerk for the district court of each county, who shall be elected by the qualified voters of the state and county officers, who shall hold his office for two years, subject to removal by information, or by indictment of the grand jury, and conviction by a petit jury. In case of vacancy, the judge of the district court shall have the power to appoint a clerk, who shall hold until the office can be filled by election."

Articles 1894, 1903, and 1935, Vernon's Annotated Civil Statutes, provide as follows:

"Art. 1894. The clerk of the district court of each county shall be elected at each general election for a term of 2 years. Each such clerk shall have power to administer oaths and affirm issuance required in the discharge of their official duties, to take the depositions of witnesses, and generally to perform all such duties as are or may be imposed upon him by law.

"Art. 1903. In counties having a population of less than 8,000 persons, according to the preceding Federal Census, only one clerk shall be elected. He shall take the oath and give the bond required of clerks of both the district and county courts, and shall have the powers and perform the duties of such clerks respectively."

"Art. 1935. A clerk of the county court of each county shall be elected at each general election for a term of two years. Each such clerk shall be authorized to issue all marriage licenses, to administer all oaths and affirmations, and to take affidavits and depositions to be used as provided by law in any of the courts."

The only material change the proposed amendment makes in Section 20 is that it raises the limit of the population

Hon. Donald M. Markle, page 4

of those counties in which "there may be an election of a single clerk" from "less than 8,000 persons" to "less than 30,000 persons."

Article 1158, Revised Statutes of 1879, provided:

"In counties having a population of less than 8,000 persons, only one clerk shall be elected,who shall take the oath and bond required of clerks of both of the district and county courts and who shall have the powers and perform all the duties of such clerks respectively."

The provisions of said Article have been brought forward in substantially the same language in all subsequent revisions of the statutes. The present statute is Article 1903, quoted above.

By the enactment of Art. 1158, a short time after the Constitution was adopted, the legislature construed the Constitutional provision under consideration not self-executing. Such has been the construction of all legislatures which have convened since 1879 for the statute has not been materially changed.

It is stated in Texas Jurisprudence, Vol. 9, page 423:

"While a constitution is usually a mere declaration of principles of organic and fundamental law, in such fashion that a constitutional provision may be established, and yet remain without force or activity until the adoption of legislation which carries it into effect, yet it is entirely within the powers of people to adopt provisions which are 'self-executing' or which are operative without legislation.

"A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which a right given may be enjoyed and protected or a duty imposed may be enforced; it is not self0executing where it merely indicates a principle, without laying down any rules by means of which the principle may bd given the force of law. A provision which declares that 'each share holder . . . . . shall be personally liable for all the debts of such corporate body ....' is self-executing. But a constitutional inhibition

Hon. Donald M. Markle, page 5

against usury condemning 'all contracts for a
greater rate of interest than ten per centum
per annum' as usurious, is self-executing only
to the extent of rendering usurious contracts
illegal. The power and duty of fixing penal-
ties for violations of the constitutional pro-
vision is delegated to the legislature."

After carefully considering the foregoing proposed
amendment to Section 20, Article V, of the State Constitution,
it is our opinion that said provision is not self-executing
in that it merely indicates the principle, without laying down
any force of law. The proposed amendment is a mere declara-
tion of principles of organic and fundamental law and remains
without force or activity until the adoption of legislation
which carries it into effect. Stated differently, it is our
opinion that in the event the proposed amendment to said
Section 20 is adopted and becomes a part of the Constitution,
that before said provision becomes of force or active, it
would be necessary for the legislature to enact proper legis-
lation to carry said provision into effect. (See Corpus Juris
Secundum, Vol. 16, pages 100-110 and authorities cited therein).
We believe that the foregoing statement disposes of both
questions under consideration.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By: Ardell Williams
Ardell Williams
Assistant

AW:rt

APPROVED, MAR 3 1945

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE